NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN S. HILKEVICH, | Civil Action No. 20-706 (RMB) |
| Petitioner, | |
| v. | **OPINION** |
| JAMES SLAUGHTER, *et al.*, | |
| Respondents | |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon Petitioner John S. Hilkevich's

("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Pet., Dkt.

No. 1); Respondents' Answer (Answer, Dkt. No. 14); and Petitioner's Reply Brief

(Reply Brief, Dkt. Nos. 17, 18.) The Court will determine the motion on the briefs

without oral arguments, pursuant to Federal Rule of Civil Procedure 78(b).

## I.      BACKGROUND

On September 14, 1999, Petitioner was indicted in the New Jersey Superior

Court,  Burlington County on multiple counts of sexual assault, endangering the

welfare of a child, sexual contact, and lewdness. (Ra1, Dkt. No. 14-4.) A jury found

Petitioner guilty on two counts of aggravated sexual assault and most of the lesser

offenses. (Ra5, Dkt. No. 14-6 at 2.) Petitioner appealed, and in an unpublished

opinion dated March 5, 2003, the Superior Court, Appellate Division, reversed Petitioner's conviction and remanded for a new trial. (*Id.*)

Petitioner was re-tried on ten of the original counts in October 2006. (Rta1-Rta6, Dkt. Nos. 14-70 to 14-75.) The jury convicted Petitioner on two counts of aggravated sexual assault and eight lesser charges. (Sentencing Transcript, Rta7, Dkt. No. 14-76.) As a result, Petitioner was sentenced on January 5, 2007, by the Honorable Patricia Richmond LeBon. (*Id.*) Based on aggravating factors, Judge LeBon imposed consecutive 15-year sentences on the two counts of aggravated sexual assault, each with a five-year period of parole ineligibility. (*Id.* at 13-14.) The remaining counts were merged. (*Id.* at 15.)

Petitioner appealed his conviction. (Ra5, Dkt No. 14-6.) On April 8, 2008, the Appellate Division affirmed the conviction but reversed the sentence and remanded for resentencing. (Ra5, Dkt. No. 6 at 32.) Petitioner was resentenced on July 11, 2008. (Rta8, Dkt. No. 14-77.) Having made more specific findings concerning aggravating and mitigating factors, on August 25, 2008, Judge LeBon once again imposed consecutive 15-year sentences on the two counts of aggravated sexual assault, each with a five-year period of parole ineligibility. (Ra2, Dkt. No. 14-5 at 1.) Petitioner appealed. (Ra6, Dkt. No. 14-7.) On March 12, 2010, the Appellate Division affirmed the sentence. (Ra10, Dkt. No. 14-13.) Petitioner filed a petition for certification in the New Jersey Supreme Court, which was denied on June 3, 2010. (Ra15, Dkt. No. 14-18.) Throughout 2010 and 2011, Petitioner, acting pro se, unsuccessfully filed a number of motions in the trial court and Appellate Division,

for the purpose of obtaining discovery on an alleged *Brady* violation, which had been

denied on direct appeal, and to "settle the record,"  or in other words, to challenge

the state court transcripts. (Answer, Ra16-Ra38, Dkt. No. 14-19 to 14-41.)

On March 9, 2012, Petitioner filed a pro se petition for post-conviction relief

("PCR") (Ra39, Dkt. No. 14-42.) On April 25, 2014, the Honorable James W.

Palmer, Jr. issued a written opinion finding that Petitioner's claims were

procedurally barred pursuant to New Jersey Court Rule 3:22-5, and also failed on the

merits. (Ra43, Dkt. No. 14-46.) Petitioner appealed on June 1, 2014. (Ra44, Dkt.

No. 14-47.)  The Appellate Division denied Petitioner's PCR appeal on January 25,

2017. (Ra58, Dkt No. 14-62.) To exhaust his state court remedies, Petitioner filed a

petition for certification in the New Jersey Supreme Court,  and his petition for

certification was denied on November 14, 2017. [Ra59, Dkt. No. 14-63].  On

January 16, 2018, the New Jersey Supreme Court denied Petitioner's motion for

reconsideration. (Ra60, Dkt. No. 14-64.)

Subsequent to the PCR proceedings, Petitioner took the following actions,

described by the Appellate Division:

> [i]n January 2018, defendant filed what he claimed was a
> motion to correct an illegal sentence. By letter dated
> February 22, 2018, the trial court informed defendant that
> if defendant's application was a motion to reduce or
> change his sentence, it had not been filed within the time
> required by Rule 3:21-10(a), and the motion did not come
> within any of the exceptions enumerated in Rule 3:21-
> 10(b).
>
> The court also stated that if the application was a petition
> for PCR, the application did not meet the requirements for

> a second or subsequent PCR petition under Rule 3:22-
> 4(b)(2). In addition, the court observed that sentencing
> issues that defendant raised in his application had been
> raised previously on direct appeal, and the court had
> affirmed defendant's sentences. See Hilkevich, No. A-
> 0592-08 (slip op. at 4-5, 9.) The court denied defendant's
> application.

(Ra62, Dkt. No. 14-66 at 4-5.) Thus, the Appellate Division construed Petitioner's

motion as a motion to reduce or change sentence and rejected it as untimely under

Rule 3:21-10(a). Alternatively, the Appellate Division construed the motion as a

second PCR petition, and found it untimely under Rules 3:22-4(b)(2) and 3:22-

12(a)(2). (*Id.* at 6-7.) Petitioner filed a petition for certification in the New Jersey

Supreme Court, which denied his petition on December 5, 2019.  (Ra65, Dkt. No.

14-69.)  Petitioner filed his § 2254 habeas petition in this Court on January 15, 2020.

*See*, *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's habeas

petition is deemed filed at the moment he delivers it to prison officials for mailing to

the district court.") Petitioner raised four grounds for relief, which he asserts were

exhausted in the New Jersey state courts on direct appeal, in PCR proceedings, and

in his subsequent motion to correct illegal sentence. (Pet., Dkt. No. 1.)

## II.    DISCUSSION

### A.    Statute of Limitations Bar

Respondents seek dismissal of the § 2254 habeas petition as time-barred under

the one-year statute of limitations proscribed by 28 U.S.C. § 2244(d)(2). (Answer,

Dkt. No. 14 at 38.) Respondents submit that Petitioner's conviction became final in

2010 when the New Jersey Appellate Division affirmed his conviction and sentence.

(Answer, Dkt. No. 14 at 40.) Although Petitioner filed several miscellaneous motions in 2010 and 2011, his direct appeal from resentencing was denied in 2010, and his motion for post-conviction relief was filed in March 2012, with the one-year habeas statute of limitations expiring during this period. (*Id.*) Even if the habeas limitations period had not expired at that point, more than one year elapsed between denial of Petitioner's PCR appeal in 2017, and the filing of the instant petition in January 2020. (*Id.*) Respondents contend that although Petitioner filed a motion to correct an illegal sentence after his PCR proceeding ended, he is not entitled to equitable tolling by his repeated attempts to cloak the same legal issues via different motions in the state courts. (*Id.*)

Petitioner submitted a reply brief consisting of his state court records. (Reply Brief, Dkt. No. 17.) Among other things, Petitioner provided a copy of his January 12, 2018 motion to correct an illegal sentence, wherein he raised the following claims: (1) under Rule 3:22-2(c) there is no time limit on appeal from illegal sentences; (2) the New Jersey Rules of Evidence were ignored at defendant's resentencing; (3) "sentencing based on judge-found rather than on jury-found facts have been stricken as unconstitutional which applies to defendant's sentence[;]" (4) "in determining a sentence cannot allude to any consideration that defendant maintained his innocence at trial[;]" and (5) Defendant was illegally represented at resentencing hearing. (Reply Brief, Dkt. No. 17-5 at 6-37.)

B.     **Legal Standard**

The statute of limitations period for habeas petitions under 28 U.S.C. § 2254 is

found in 28 U.S.C. § 2244(d), which provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by
> > the conclusion of direct review or the expiration of
> > the time for seeking such review; . . .
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending shall
> not be counted toward any period of limitation under this
> subsection.

After a petitioner seeks review from the State's highest court, the judgment of

conviction becomes final, and the limitations period begins to run after expiration of

the 90-day period for filing a petition for writ of certiorari in the United States

Supreme Court. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). "[F]or a state

prisoner who does not seek review in a State's highest court, the judgment becomes

'final' on the date that the time for seeking such review expires." *Gonzalez v. Thaler*,

565 U.S. 134, 137 (2012).

A properly-filed application for post-conviction relief tolls the habeas statute of

limitations under 28 U.S.C. § 2244(d)(2). *Pace v. Diguglielmo*, 544 U.S. 408, 410

(2005). A "properly filed application" is one that was: (1) accepted for filing by the

appropriate court officer; and (2) was filed within the time limits prescribed by the

relevant jurisdiction. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "Pending" under §
2244(d)(2) includes the period between a lower court's adverse determination and the
prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is
timely under state law. *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing *Carey v.
Saffold*, 536 U.S. 214 (2002)). "[A] belated appeal that was ultimately accepted
through the application of a tolling mechanism or exception to the state law
governing the period in which a petitioner may file an appeal" is not a timely filing
that tolls the statute of limitations under § 2244(d)(2). *Martin v. Adm'r New Jersey State
Prison*, 23 F.4th 261, 269–70 (3d Cir. 2022). Additionally "[Section] 2244(d)(2) does
not toll the 1–year limitations period during the pendency of a petition for certiorari"
after state post-conviction review. *Lawrence v. Fla.*, 549 U.S. 327, 332 (2007).

Equitable tolling applies to the one-year statute of limitations under 28 U.S.C.
§ 2244(d) in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable
tolling may be appropriate in circumstances where (1) the defendant has actively
misled the plaintiff; (2) the plaintiff in some extraordinary way has been prevented
from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights
mistakenly in the wrong forum. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)
(citing *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). "In non-capital
cases, attorney error, miscalculation, inadequate research, or other mistakes have not
been found to rise to the 'extraordinary' circumstances required for equitable
tolling." *Fahy*, 240 F.3d at 244 (citations omitted).

**C.     Analysis**

**1.     Calculation of the limitations period**

The one-year habeas limitations period begins to run pursuant to § 2244(d)(1) when direct review is final. Petitioner's direct review became final on September 2, 2010, 90 days after the New Jersey Supreme Court denied his petition for certification on direct appeal on June 3, 2010.[1]  (Ra15, Dkt. No. 14-18.)

After his direct review became final, Petitioner filed a motion to settle the record in the Superior Court, Law Division on June 22, 2010. (Ra19, Dkt. No. 14-22.) On August 9, 2010, Petitioner filed a notice of appeal in the Appellate Division, arguing that the Superior Court failed to act on his motion to settle the record.  (*Id.* at 14-22 at 8.) Petitioner explained that he was not presenting any argument that he previously raised on direct appeal.  (*Id.* at 9.) Petitioner stated that the motion was submitted pursuant to Rule 2:5-5,[2] and was a necessary step to correct the transcript prior to seeking post-conviction relief in state and federal court. (*Id.* at 9.)

_____

[1] *See,* Federal Rule of Civil Procedure 6(a)(1) (when computing a period of time given in days or longer "exclude the day of the event that triggers the period[,]" and if the last day ends on a weekend or holiday, continue to the next day.

[2] N.J. R.A.R 2:5-5 provides, in relevant part:

> (a) Motion to Settle the Record. A party who questions whether the record fully and truly discloses what occurred in the court or agency below shall, except as hereinafter provided, apply on motion to that court or agency to settle the record.

Petitioner also filed a "motion for complete discovery" in the trial court on June 30, 2010. (Ra16, Dkt. No. 14-19.)  In this motion, Petitioner alleged a *Brady* violation by the prosecutor. (*Id.*) Petitioner submitted that his motion was not an attempt to raise an issue in a PCR petition that had been partially raised on direct appeal of his resentencing, but rather it was a motion for discovery to obtain more information about an alleged *Brady* violation.[3] (*Id.* at 12.)  The trial court addressed these motions by letter dated August 17, 2010, informing Petitioner that it lacked jurisdiction because the issues were addressed on direct appeal.[4] (Ra21, Dkt. No. 14-24.)  Petitioner appealed, but the Appellate Division denied relief, and the New Jersey Supreme Court denied Petitioner's petition for certification. (Ra23, 24, 28, 36, 38, Dkt. Nos. 14-26, 14-27, 14-31, 14-39, 14-41.)

---

[3] On direct appeal, the Appellate Division denied as meritless Petitioner's claim that a discussion, during his resentencing, of the dismissal of felony charges against one of the victims erroneously impacted the court's findings.  (Ra10, Dkt. No. 14-13 at 5.) Then, in his motion for complete discovery, Petitioner argued that the prosecutor had disclosed an incomplete criminal history report for one of the victims on the eve of trial, and Petitioner sought the full report and investigation into the charges that were dropped.  (Dkt. No. 14-19 at 14-20.)

[4]  On March 12, 2010, on direct appeal, the Appellate Division denied as meritless Petitioner's claim that

> [t]he proof of tainted edits of resentencing transcript calls
> into question the integrity of the entire transcript record
> and denies defendant's ability and right to effectively
> engage the legal process.

(Ra10, Docket No. 14-13 at 4.)

The habeas limitations period is tolled, pursuant to § 2244(d)(2), upon a properly-filed application for post-conviction relief. A "properly-filed" application is one that was filed within the time limits prescribed by the relevant jurisdiction. *Artuz*, 531 U.S. at 8. In New Jersey, "post-conviction relief 'is the exclusive means of challenging a judgment' following a criminal conviction, except where [the New Jersey] Constitution provides otherwise." *State v. Szemple*, 252 A.3d 1029, 1039 (N.J. 2021) (quoting N.J. Ct. R. 3:22-3.)  Petitioner advised the Appellate Division that his discovery motion and motion to settle the record were not intended as petitions for post-conviction relief. Therefore, these motions were not properly-filed applications for post-conviction relief or other collateral review and did not toll the habeas statute of limitations. The one-year habeas statute of limitations expired on September 4, 2011.  Petitioner filed his first PCR petition on March 9, 2012, but this was too late to toll the habeas limitations period.[5] Petitioner did not file his habeas petition until January 15, 2020.

## 2.    Equitable tolling

It is a petitioner's burden to justify equitable tolling of the habeas statute of limitations by showing

---

[5] Even if these motions had tolled the habeas limitation period from June 22, 2010 through November 9, 2011, and the PCR proceedings tolled the limitations period from March 9, 2012 through November 14, 2017, the one-year habeas statute of limitations was not tolled while Petitioner pursued his motion to correct an illegal sentence from January 2018 through December 5, 2019. As discussed above, the New Jersey state courts found this was not a properly filed second or subsequent PCR petition. In this alternate scenario, the habeas limitations period would have expired between January 2018 and December 5, 2019.

> (1) that he has been pursuing his rights diligently, and (2)
> that some extraordinary circumstance stood in his way
> and prevented timely filing." *Holland*, 560 U.S. at 649, 130
> S.Ct. 2549 (quoting *Pace*, 544 U.S. at 418, 125 S.Ct. 1807);
> *accord Munchinski* [*v. Wilson*], 694 F.3d [308,] 329 [3d Cir.
> 2012]; *see also Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir.
> 2012) ("This conjunctive standard requires showing both
> elements before we will permit tolling.")

*Martin*, 23 F.4th at 273. The reply brief that this Court received from Petitioner

contains only an appendix of his state courts records.  The state court records do not

indicate that Petitioner pursued his right to file a timely habeas petition under 28

U.S.C. § 2254 diligently. Instead of proceeding from direct appeal to post-conviction

relief, which would have tolled the limitations period, from June 22, 2010 through

November 9, 2011 (Ra38, Dkt. No. 14-41), Petitioner attempted to relitigate issues

raised on direct appeal through his motion for complete discovery and motion to

settle the record.  Thus, the Court will dismiss the § 2554 petition as time-barred.

However, if Petitioner neglected to include his reply to the answer with his appendix

of state court records, and the reply brief contains an equitable tolling argument not

addressed here, Petitioner may submit a motion for reconsideration with a copy of

his reply brief.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a

certificate of appealability, an appeal may not be taken from a final order in a

proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if

the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner's habeas petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d), and Petitioner has not established that jurists of reason could disagree with his failure to establish a basis for statutory or equitable tolling of the statute of limitations. Therefore, the Court will deny a certificate of appealability.

## IV.   CONCLUSION

For the reasons discussed above, the Court dismisses the habeas petition as time-barred, and the Court will not issue a certificate of appealability.

An appropriate order follows.

**Dated: April 18, 2022**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**